**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GS HOLISTIC, LLC,

Plaintiff

v.

SMOKERS ALLEY, INC,
SMOKERS ALLEY GALLERY LLC, and
RONNIE MOUSSA,

Defendants.

Case No: 2:24-cv-12076
Hon: Linda V. Parker

**THE TICKTIN LAW GROUP**
David L. Perry II
Florida Bar # 1045902
270 SW Natura Avenue
Deerfield Beach, Florida 33441-1610
DPerry@LegalBrains.com
Serv608@LegalBrains.com
Telephone: 561-232-2222

**BORJA, BERNIER & ASSOCIATES PLLC**
Joel A. Bernier (P74226)
49139 Schoenherr Rd.
Shelby Township, MI 48315
(586) 991-7611

*Attorneys for the Plaintiff*

**L.A. Law, PLLC**
Lina Asmar (P82034)
24681 Northwestern Hwy, Suite 4007
Southfield, Michigan 48075
Phone: (248) 996-0494
Lasmar@lalawusa.com

*Attorney for Defendants*

## DEFENDANTS' MOTION TO DISMISS DEFENDANT RONNIE MOUSSA

NOW COMES Defendant Ronnie Moussa ("Mr. Moussa"), by and through his undersigned counsel, and respectfully moves this Honorable Court to dismiss all claims against him in GS HOLISTIC, LLC's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

In accordance with Rule 12(a)(4) of the Federal Rules of Civil Procedure, the filing of this Motion suspends Mr. Moussa's deadline to file an Answer until 14 days after the Court issues its ruling on this Motion. Defendants Smokers Alley, Inc. and Smokers Alley Gallery LLC have filed their Answer contemporaneously with this Motion and therefore do not seek any extension.

Prior to filing this Motion, the parties were engaged in ongoing settlement negotiations. Plaintiff's counsel consented to an extension of time for Defendants to file their Answer or other responsive pleading through June 16, 2025. As of the date of this filing, no resolution has been reached, and the corporate Defendants have filed their Answer contemporaneously with this Motion. Defendant Ronnie Moussa now submits this Motion to Dismiss, and his deadline to file a responsive pleading is suspended accordingly.

**I. INTRODUCTION**

Plaintiff asserts claims for trademark infringement, counterfeiting, and related violations against corporate Defendants Smoker's Alley, Inc., Smoker's Alley Gallery LLC, and Defendant Ronnie Moussa individually. Plaintiff seeks to hold Mr. Moussa personally liable based on conclusory allegations that he "authorized, directed, and/or participated" in infringing activities and was a "moving, active, and conscious force" behind them. However, the Complaint fails to allege any specific facts that establish a plausible claim for personal liability against Mr. Moussa.

As detailed below, Plaintiff's Complaint does not meet the required pleading standards for piercing the corporate veil or for holding Mr. Moussa personally liable under the Lanham Act. Accordingly, all claims against Mr. Moussa should be dismissed with prejudice.

**II. LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). This standard requires more than mere legal conclusions or formulaic recitations of the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the 6th Circuit, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Crawford v. Tilley*, 15 F.4th 752, 760 (6th Cir. 2021).

When evaluating a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, but the complaint must contain sufficient factual allegations to "raise a right to relief above the speculative level." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012).

**III. ARGUMENT**

**A. The Complaint Fails to State a Claim for Personal Liability Against Ronnie Moussa Under the Twombly/Iqbal Standard.**

The allegations in Plaintiff's complaint against Defendant Mr. Moussa are conclusory and fail to meet the pleading standard required by Federal Rule of Civil Procedure 8(a). Also, as the 6th Circuit has emphasized, conclusory allegations devoid of factual support cannot survive a motion to dismiss. *See Crawford v. Tilley*, 15 F.4th 752, 760 (6th Cir. 2021).

The Complaint merely restates the elements of personal liability and veil-piercing without providing specific facts. Plaintiff alleges that Mr. Moussa "owns and operates" the corporate Defendants (¶¶ 5-7), "authorized, directed, and/or participated" in the sale of counterfeit goods and was a "moving, active, and conscious force" behind the alleged infringement (¶ 37). However, these allegations are vague and conclusory. Plaintiff fails to provide specific facts to support these conclusions as required to establish personal liability under the Lanham Act. Courts have consistently held that merely owning or operating a corporation does not establish personal liability for corporate acts. *See Coach, Inc. v. Goodfellow, 717 F.3d 498, 503* (6th Cir. 2013) (personal

liability under the Lanham Act requires active and knowing participation in the infringing conduct).

Moreover, the complaint includes speculative allegations that Mr. Moussa acted with "willful blindness" to the counterfeit nature of the goods. Again, Plaintiff fails to support these assertions with any factual allegations showing Mr. Moussa's knowledge of, or deliberate indifference to, the alleged counterfeit products. Generalized claims of "authorization" or "direction" are insufficient without specific facts demonstrating Mr. Moussa's direct involvement. For instance, Plaintiff provides no evidence that Moussa personally sold counterfeit goods, or even knew of their counterfeit nature.

Furthermore, Plaintiff's speculative assertion that Mr. Moussa acted with "willful blindness" to the counterfeit nature of the goods is unsupported by any factual allegations. Courts routinely reject such conclusory claims that merely restate legal standards without specific details. *See Iqbal*, 556 U.S. at 678 (stating that "threadbare recitals of the elements of a cause of action" do not suffice).

The only factual allegations concerning the sale of the alleged counterfeit goods involve purchases made by Plaintiff's investigator at corporate stores. Plaintiff does not allege that Mr. Moussa personally conducted these transactions or directed them in any way. As such, the claims against Mr. Moussa fail to meet the pleading standards required to state a plausible claim for relief for personal liability, as they are conclusory and unsupported by factual details.

**B. The Investigator's Purchase Does Not Establish Personal Liability**

The fact that an investigator purchased the alleged counterfeit products from a store allegedly owned or operated by Mr. Moussa does not establish Mr. Moussa's personal liability. In the 6th Circuit, courts require specific allegations linking the individual to the infringing activity.

*See Coach, Inc. v. Goodfellow*, 717 F.3d at 503. Ownership or management of a business is insufficient without evidence of direct involvement. Plaintiff does not allege that Mr. Moussa personally participated in the sale, directed employees to sell the alleged counterfeit goods, or had knowledge of the counterfeit nature of the products. Without such allegations, the investigator's purchase demonstrates corporate, not personal, conduct.

**C. The Complaint Fails to Justify Piercing the Corporate Veil Under Michigan Law**

In the 6th Circuit, piercing the corporate veil requires Plaintiff to demonstrate that the corporate entity was a mere instrumentality of the individual defendant, the corporate form was used to commit fraud or wrongdoing, and that the plaintiff suffered an unjust loss as a result. *See Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Aguirre*, 410 F.3d 297, 302 (6th Cir. 2005).

Plaintiff has not alleged any of these elements. Plaintiff alleges that Mr. Moussa "owns and operates" the corporate Defendants but provides no factual allegations supporting the misuse of the corporate structure. Ownership or management of a corporation alone is insufficient to pierce the corporate veil. *See Servo Kinetics, Inc. v. Tokyo Precision Instruments Co.*, 475 F.3d 783, 798 (6th Cir. 2007). Plaintiff has not alleged, for example, that Mr. Moussa commingled personal and corporate funds, failed to adhere to corporate formalities, or used the corporate entities to perpetrate fraud. Without such allegations, Plaintiff's claims for veil-piercing fail as a matter of law and should be dismissed.

**D. Plaintiff Has Not Demonstrated Harm to Its Reputation or Goodwill**

Plaintiff claims that the sale of the alleged counterfeit goods caused harm to its reputation and goodwill but fails to provide any factual support for this assertion. The Complaint does not allege any customer complaints, confusion, or negative impact on Plaintiff's brand resulting from

the alleged sales. Instead, the only sales cited in the complaint involve purchases by Plaintiff's investigator, not actual consumers. Courts routinely reject claims for reputational harm where there is no evidence of actual confusion or customer complaints. Plaintiff's speculative assertions of potential harm are insufficient to sustain its claims. *See Iqbal*, 556 U.S. at 678 (pleadings must do more than make conclusory statements).

**IV. EFFECT OF THE MOTION ON DEADLINE TO FILE ANSWER**

Pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, the filing of this Motion to Dismiss suspends the deadline for Defendant Ronnie Moussa to file a responsive pleading. Specifically, Rule 12(a)(4) provides that if a Rule 12 motion is filed, the time to serve a responsive pleading is extended until 14 days after the Court enters its ruling on the motion.

Defendants Smokers Alley, Inc. and Smokers Alley Gallery LLC have filed their Answer contemporaneously with this Motion. Accordingly, no extension of their answer deadline is requested or necessary.

WHEREFORE, Defendants respectfully requests that this Honorable Court:

1. Dismiss all claims against Defendant Ronnie Moussa with prejudice pursuant to Rule 12(b)(6);
2. Acknowledge that Defendant Ronnie Moussa's deadline to file a responsive pleading is extended until 14 days after the Court's ruling on this Motion pursuant to Rule 12(a)(4); and
3. Grant such other and further relief as the Court deems just and proper.

In compliance with Local Rule 7.1(a), prior to filing this Motion, Defendants' counsel conferred with Plaintiff's counsel and sought concurrence in the relief requested. Plaintiff's counsel did not concur, thereby necessitating the filing of this Motion.

Respectfully submitted,

L.A. Law, PLLC

Dated: June 16, 2025

By: /s/Lina A. Asmar

Lina A. Asmar (P82034)
24681 Northwestern Hwy, Suite 4007
Southfield, Michigan 48075
Phone: (248) 996-0494
Lasmar@lalawusa.com
*Attorney for Defendants*

**PROOF OF SERVICE**

NOW COMES Lina Asmar and states that on June 16, 2025, she served the enclosed documents upon all counsel of record and all unrepresented parties via this Court's e-filing system.

**/s/ Lina Asmar**
Lina Asmar (P82034)

*Attorney for Defendants*